UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20457-CV-ALTMAN

**WILLIAM ERIC COONTZ**,

    *Plaintiff*,

*vs.*

**JOHN THURMAN**, *et al.*,

    *Defendants*.

_____/

**ORDER OF TRANSFER**

    William Eric Coontz, a West Virginia state prisoner, filed a *pro se* civil rights Complaint [ECF No. 1] under 42 U.S.C. § 1983, seeking monetary damages against the State of Florida, State Circuit Judge John Thurman, and Assistant State Attorney Paul Militello. *See id.* at 8, 10–11. Mr. Coontz alleges that, in 1995, he was subjected to certain injustices during criminal proceedings that took place in Citrus County, Florida. *See id.* at 9 (claiming that the defendants "amended/modified the petitioner[']s plea agreement"). In addition to monetary relief, Mr. Coontz asks to be acquitted and to have his criminal conviction expunged. *See id.* at 11. Based on the record, though, this case must be transferred to the Middle District of Florida.

    So, for instance, if this Court were to treat the initial pleading as a § 1983 lawsuit (which is how it's labeled), this District would be an improper venue. "A civil action may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Here, the events alleged in the Complaint all occurred in Citrus County, Florida, and the Defendants (presumably) all reside in that county. Because Citrus County is in the Middle District of Florida, *see* 28 U.S.C. § 89(b), that District is the proper venue for this civil-rights action.

Even if this Court were to re-characterize Mr. Coontz's pleading as a habeas petition, however, the Middle District of Florida would still be the proper forum. "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts"—like Florida—habeas petitions "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Mr. Coontz, a West Virginia state prisoner, isn't confined in this District, *see generally* Docket, and the state court that entered his conviction is in the Middle District of Florida.[1] However one reads Mr. Coontz's Complaint, in short, the Middle District of Florida is the proper forum.

Having carefully reviewed the record and governing law, the Court hereby **ORDERS and ADJUDGES** that this case is **TRANSFERRED** to the United States District Court for the Middle District of Florida. The Clerk of Court for our District shall **CLOSE** this case. All deadlines and hearings are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of February 2021.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   William Eric Coontz, *pro se*

---

[1] It's true that the "collateral consequences" of an already-served sentence don't necessarily establish that a petitioner is "in custody" for the judgment he's challenging. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). If, however, "a § 2254 petition could be construed as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is 'in custody' for purposes of federal habeas jurisdiction." *Birotte v. Sec'y, Fla. Dep't of Corr.*, 236 F. App'x 577, 578–79 (11th Cir. 2007). This Order in no way suggests—one way or the other—that Mr. Coontz is "in custody" for purposes of federal subject-matter jurisdiction.