**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

WILLIAM ERIC COONTZ,

    Plaintiff,

v.                                                         Case No. 5:21-cv-115-TPB-PRL

JOHN THURMAN, et al.,

    Defendants.

---

**ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff, an inmate at the Tygart Valley Regional Jail in West Virginia, filed a pro se Civil Rights Complaint (Doc. 1) against the State of Florida; the Honorable John Thurman, Circuit Judge in Citrus County; and Paul Militello, Esq., an Assistant State Attorney in Citrus County.[1] Plaintiff alleges that on November 27, 1995, he pled no contest to attempted sexual battery in accordance with a plea agreement. He asserts that subsequently, on January 23, 1996, without his knowledge or consent, Defendants modified his plea agreement relating to overseas travel, which renders his plea "null and void." He alleges that as a result of this "constitutional violation," he has lost employment opportunities which has impacted him financially, and he has been falsely arrested and prosecuted multiple times over the past 25 years. He seeks monetary damages ($25,000,000) "and to be acquitted of this charge and record of this travesty exp[u]nged."

---

[1] Plaintiff originally filed this case in the United States District Court for the Southern District of Florida, and the Southern District transferred the case to this Court on February 24, 2021. *See* Order (Doc. 3).

Because Plaintiff has not paid the filing fee, the Court assumes he intends on proceeding as a pauper. The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

First, the State of Florida is not a proper defendant. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003). Second, to the extent Plaintiff seeks monetary damages against the judge and prosecutor for their actions taken in his prior criminal case, his claim is due to be dismissed. "Judges are entitled to absolute judicial immunity from damages for those acts taken . . . in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations and citations omitted). Likewise, "[p]rosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." *Id.* at 1242 (citations omitted).

Third, insofar as Plaintiff seeks expungement of his prior conviction, he has failed to state a claim in this § 1983 action. "[T]he Court's privilege to expunge matters of public record is one of exceedingly narrow scope, and a court may not expunge a criminal record absent special circumstances." *Stabile v. Fla.*, No. 8:19-cv-2153-T-36SPF, 2020 WL 2527180, at *3 (M.D. Fla. Apr. 30, 2020), *report and recommendation adopted,* No. 8:19-cv-2153-T-36SPF, 2020 WL 2523540 (M.D. Fla. May 18, 2020) (internal quotations and citation omitted); *see also Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978);[2] *Carter v. Hardy*, 526 F.2d 314, 316 (5th Cir. 1976) (finding that a plaintiff's complaint seeking an order expunging prior convictions "falls outside the 'exceedingly narrow scope' of expunction . . . and that [the complaint] fails to state a cause of action under 42 U.S.C. § 1983"). Here, Plaintiff fails to allege special circumstances warranting the relief he seeks. *See Hettel v. Fla.*, No. 8:15-cv-562-T-36AEP, 2015 WL 3882753, at *2 & n.3 (M.D. Fla. June 23, 2015) (dismissing a plaintiff's complaint seeking expungement of a state court criminal record).

The alleged modification to Plaintiff's plea agreement occurred approximately 25 years ago, and Plaintiff's assertions fail to even suggest that he could state any set of facts to obtain the relief he seeks under § 1983. Additionally, the State of Florida provides a process by which a party can seek expungement. *See* Fla. Stat. §

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

943.0585. Upon consideration, this Court finds that any amendment to the Complaint would be futile.[3] Therefore, this case will be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Tampa, Florida, this 5th day of March, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

JAX-3 3/3
c:
William Eric Coontz

---

[3] While a district court must ordinarily provide a pro se plaintiff with an opportunity to amend before dismissing a case with prejudice, leave to amend is not required when further amendment would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("Our cases make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" (citation omitted)).